## LAFOLLETTE v. THOMPSON, *Appellant.*

83 199
135 678
83 199
73a 655
83 199
79a 392
80a 459
83 199
85a 462
83 199
f163 178
83 199
167 324
83 199
92a 272

**Bill of Exceptions, Requisites of.** There must be an entry of record to make a bill of exceptions a part of the record in term time, and where leave is granted, with consent of parties, to file a bill in vacation, there must be some certificate on the bill itself, signed by the clerk, indicating the fact and date of filing, or some entry made by the clerk in the records of the court to that effect:

*Appeal from Cass Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

*F. P. Wright* for appellant.

*Edwin Silver* and *Wooldridge & Daniel* for respondent.

MARTIN, C.—The plaintiff obtained a judgment against the defendant in the sum of $195, from which defendant has appealed. We are precluded from consider-

ing the questions raised at the trial, for the reason that the record fails to contain any bill of exceptions.

The record discloses an order and consent of parties that a bill of exceptions may be filed twenty days after adjournment of the term. There is nothing of record, or on what purports to be a bill of exceptions, to indicate that it was ever filed at all. There must be an entry of record to make a bill of exceptions a part of the record. This is indispensable in term time. When leave is granted, with consent of parties, to file a bill in vacation, there must be some certificate on the bill itself, signed by the clerk, indicating the fact and date of filing, or some entry made by the clerk in the records of the court to that effect. Both of these requisites are wanting in the present case. The memorandum of attorneys written at the foot of the bill to the effect that the parties "have agreed upon the foregoing bill·of exceptions," does not help out the matter. That is addressed to the judge to inform him that he may sign the bill as settled and agreed upon between the parties. Besides, as there is nothing to connect the bill with the record, the memorandum, equally with the supposed bill, is outside of it.

As the verdict and judgment are supported by the petition, it only remains for us to affirm the action of the court below, which is accordingly done. All concur, except Hough, C. J., absent.