## PREBLE v. BATES *et al.*

### *(Circuit Court, D. Massachusetts. December 10, 1889.)*

1. BILL OF EXCEPTIONS—IN FEDERAL COURT—FILING.
   A bill of exceptions, so far as regards the duty of the attorney taking it, should be considered as filed when taken to the clerk's office and placed in the hands of the proper officer for filing. The form of indorsement placed on it by the clerk is immaterial.

2. SAME.
   Rev. St. U. S. § 914, requiring the pleading, practice, and forms in the circuit court to conform as near as may be to those of the courts of the state in which it is held, does not govern the preparation and perfecting of a bill of exceptions. *In re Iron Co.*, 9 Sup. Ct. Rep. 150, followed.

3. SAME—TIME OF PERFECTING.
   In the federal courts the rule is that the bill of exceptions must be signed at the term in which judgment was rendered, not the term at which trial was had.

At Law.

*L. C. Southard* and *B. F. Butler*, for plaintiff.

*Samuel Hoar*, for defendants.

COLT, J. The question now before the court is whether a bill of exceptions can be allowed in this case. A verdict was rendered for the

plaintiff December 20, 1888, and on December 22, the counsel for the plaintiff consenting, 20 days were allowed the defendants within which to file a bill of exceptions. On January 11, 1889, or within the 20 days, the counsel for the defendants took their proposed bill of exceptions to the clerk's office of the circuit court, and handed it to the deputy-clerk, who then wrote across it, in pencil, the following memorandum: "Rec'd Jan. 11, 1889." The objection is made that this was not a filing of the bill of exceptions, and that consequently no bill is now before the court. I cannot see the force of this objection. So far as the counsel for the defendants is concerned, the bill should be considered as filed when taken to the clerk's office and placed in the hands of the proper officer for filing. The form of indorsement which the clerk, as a matter of practice or of convenience, puts upon the paper is immaterial, and cannot affect the rights of the parties. Whether notice was given the plaintiff's counsel of the filing of the bill, or a copy was served upon him, or whether what was done was in conformity with the practice in the state courts, (Pub. St. Mass. 847,) are also immaterial; because the practice and rules of the state court do not apply to proceedings in the circuit court, taken for the purpose of reviewing in the supreme court a judgment of the circuit court, and such rules and practice, embracing the preparation, perfecting, settling, and signing of a bill of exceptions, are not within section 914 of the Revised Statutes. *In re Iron Co.*, 128 U. S. 544, 553, 9 Sup. Ct. Rep. 150.

The counsel for the plaintiff raises the further objection to the allowance of any bill of exceptions in this case, that a bill of exceptions cannot be signed after the term at which the trial took place, except with the consent of counsel, or the express order of the court, and that in the present case more than one term has elapsed since the trial. After a careful examination of the cases referred to by counsel, I conceive the rule to be this,—that a bill of exceptions must be signed at the term in which judgment was rendered. This rule is subject to certain exceptions, dependent upon special circumstances, which, however, it is not necessary to consider in this case. I admit that the expression is sometimes used, "at the term the trial was had," as distinguished from the phrase, "at the term judgment was rendered." The true rule, however, is stated by Chief Justice WAITE, in *Muller* v. *Ehlers*, 91 U. S. 249, in the following language:

"As early as *Walton* v. *U. S.*, 9 Wheat. 651, the power to reduce exceptions taken at the trial to form, and to have them signed and filed, was, under ordinary circumstances, confined to a time not later than the term at which the judgment was rendered. This, we think, is the true rule, and one to which there should be no exceptions, without an express order of the court during the term, or consent of the parties, save under very extraordinary circumstances."

In the present case the motion for a new trial was not finally disposed of until October 12, 1889, and no judgment has as yet been entered upon the verdict. As soon as the motion for a new trial was overruled the defendants' counsel asked to have their bill of exceptions allowed. The

consideration of the bill of exceptions was unnecessary until the motion for a new trial was decided, because that motion might have been granted, when the exceptions would fail, as a new trial would take place. The course of proceedings in this case shows the reason and justice of the rule that it is the term at which judgment is rendered, rather than the term at which the trial was had, that a bill of exceptions must be signed. For these reasons, I shall hold that the bill of exceptions in this case, filed by the defendants with the clerk, is properly before the court.