ROUSH, Appellant, v. CUNNINGHAM et al. ·

**Division Two, May 21, 1901.**

| 163 | 173 |
| 167 | 324 |
| 163 | 173 |
| 95a | 313 |

Bill of Exceptions: EXTENSIONS: NO RECORD OF FILING. There must be an entry of record to make a bill of exceptions filed in term time a part of the record. Appellant was granted "until and during the June term 1898" of the court of Linneus to file a bill of exceptions and on the bill of exceptions, signed by the judge, were the words: "Filed at Linneus, June 10, 1898, Joe A. Neal, Clerk." But there was no entry on the records of the court showing that the bill had been filed. The term began on June 6, 1898, and continued in session to June 15. *Held,* that under these facts the bill of exceptions could not be considered. Nor does the Act of 1885 ·and subsequent acts affect the authority of previous decisions holding that the filing of a bill of exceptions filed in term time must be evidenced by the court records.

Appeal from Linn Circuit Court.—*Hon. W. W. Rucker,*
Judge.

AFFIRMED.

Roush v. Cunningham.

*A. W. Mullins* and *Perry S. Rader* for appellant.

The certificates show that the bill of exceptions was in fact prepared, approved, and filed within the time permitted by the court, that the clerk, at the time the bill was presented to him, stamped thereon, "Filed at Linneus, June 10, 1898. Joe A. Neal, Clerk," and that the regular term of the circuit court at Linneus began on June 6, and ended on June 15, 1898. This being the case, was it necessary that the record of the court show that the bill was filed at that time, or will the stamping on the back of the bill by the clerk of the date of the filing, and the placing of the bill in his office among the papers of the case, be a sufficient compliance with the law? In determining the point it is necessary to remember that all the cases which hold that the record must show the filing of the bill, were decided prior to the amendment to the statute in 1885. The statute prior to that time contained the one simple provision, that "such exception may be taken and filed at the time or during the term of the court at which it is taken, and not after." R. S. 1879, sec. 3636. To show that the bill was filed during term time and not after, it was necessary, under that statute, that the record show its filing. Then there were no stenographers. The bill was made up from the meagre notes of the lawyers and the minutes of the trial judge. Much depended on memory if any delay was allowed. In order to protect the rights of all parties it was necessary that the statute be strictly complied with, that no delay be tolerated, that no agreement of counsel could work an extension of time, and consequently the courts very naturally adopted the rule that the record must show the bill was filed during the trial term. The statute did not so require. It was a rule established by

the decisions of the court.    But in 1885 the statute was changed.    It was then provided (Laws 1885, p. 214) that the bill may be filed "at the time or during the term .... or within such time thereafter as the court may by order entered of record allow, which may be extended by the court or judge in vacation for good cause shown."    Since that amendment was enacted, neither this nor any other appellate court has held that the record must show the filing of the bill of exceptions. On the contrary, it has been uniformly held that the file-mark of the clerk indorsed on the back of the bill is sufficient evidence of the fact and date of its filing.    Pugh v. Ayres, 47 Mo. App. 590; Carter v. Prior, 78 Mo. 222; Campbell v. Railroad, 78 Mo. 639.

*E. R. Stephens, G. R. Balthrope* and *Chas. A. Loomis* for respondents.

(1)    The record proper must show the filing of the bill of exceptions if the filing is done in term time, and if the time within which to file be extended in term time, the record proper must show the extension, and the minute of the clerk must show the filing within the time allowed.    No recital in the bill of exceptions, or filing indorsed upon the bill of exceptions, will supply an omission of these matters from the record.    Rickett v. Hart, 150 Mo. 64; Lafollette v. Thompson, 83 Mo. 199; State v. Wilson, 44 Mo. App. 136; Carter v. Prior, 78 Mo. 222; Pope v. Thompson, 66 Mo. 661; Fulkerson v. Houts, 55 Mo. 301; Johnson v. Hodges, 65 Mo. 589; Williams v. Williams, 26 Mo. App. 408.    (2)    The term "filed" as above employed, means the entry made by the clerk on the record, by which the fact that the bill has been allowed is announced, and appropriately evidenced.    Neither the indorsement of the clerk on the bill of exceptions, "filed," with the day and date,

nor the statement of the judge, that it is signed, sealed and made a part of the record, nor both, will suffice. There must be a record entry, that it was filed. Fulkerson v. Houts, 55 Mo. 302; Carter v. Prior, 78 Mo. 226. (3) Where there is a conflict between the recital of the filing on the bill and the recital in the record proper, the latter must and does control. Ricketts v. Hart, 150 Mo. 68; State v. Harris, 121 Mo. 447; Williams v. Williams, 26 Mo. App. 408; State v. Wilson, 44 Mo. App. 136.

GANTT, J.—A suit in equity was commenced by plaintiff in the Linn Circuit Court on May 2, 1895, whereby plaintiff sought to have a decree of specific performance of an alleged contract by Jacob Cunningham with the mother of plaintiff to adopt plaintiff as his child and leave her his property at his death, rendered in her favor.

The answer of the defendants, the heirs at law of said Cunningham, denied all the allegations of the bill.

On a trial in the circuit court the finding and judgment was for the defendants, and plaintiff appeals.

I. It is insisted by the defendants that the bill of exceptions incorporated in the transcript sent to this court is no part of the record because the same was not filed in the circuit court at the June term, 1898.

The abstracts and briefs were due at the October term, 1900, of this court, for the January call, 1901.

The plaintiff and appellant served defendant's counsel with her abstract on the third day of December, 1900, and filed the same in this court December 8, 1900.

On December 18, 1900, the defendants challenged the correctness of plaintiff's abstract by written objections filed in this court.

They specified that the recital in the abstract that "plaintiff within the time given by the court at the June term, 1898, duly filed her bill of exceptions in said cause" was untrue, and asked for a rule on the circuit clerk for a certified copy of all that part of the record of the circuit court pertaining to the extension of time granted plaintiff to file her bill of exceptions and all that part of the record pertaining to or in any way showing whether said bill of exceptions was ever filed or not, and when the same was filed.    The rule was issued as prayed and in his return the clerk returns and certifies that the circuit court of Linn county "convened at a regular term of court on Monday, June 6, 1898, and continued in regular session until the fifteenth day of June, 1898, and that during said session of said term the bill of exceptions 'was not filed of record' in said court.    Nor was any record entry showing the filing of said bill of exceptions made in said court during said June term of said court or on any other day."

In a supplemental certificate, procured and filed by plaintiff, he further certifies that on the tenth day of June, 1898, the plaintiff's attorney handed him a bill of exceptions in said cause which had been signed by Judge Rucker, the judge of said court and requested him to file the same; that thereupon he filed the same and stamped thereon the words, "Filed at Linneus, June 10, 1898," and signed his name, "Joe A. Neal, Clerk."

And the said bill of exceptions has since remained with the files of said cause in his office.    Upon these facts the question arises, can the said bill of exceptions be considered as a part of the record?

The leave extending the time for filing the bill of exceptions was "until and during the June term of 1898," of said court.

Following an unbroken line of decisions by this court, the

answer must be that as the fact is conclusively shown by both parties that the June term, 1898, of the circuit court of Linn county was in session on June 10, 1898, the day on which the bill purports to have been filed by the clerk and no entry of record was made showing or allowing such filing, it constituted no part of the record and hence can not be considered.

This has been too often said to be questioned now.

In Ricketts v. Hart, 150 Mo. 64, this Court in Banc said: "The record proper must show the filing of the bill of exceptions, if the filing is done in term time." In Lafollette v. Thompson, 83 Mo. 199, this court said: "There must be an entry of record to make a bill of exceptions a part of the record in *term time*," etc. The same ruling was made in Carter v. Prior, 78 Mo. 222; Pope v. Thompson, 66 Mo. 661; Dinwiddie v. Jacobs, 82 Mo. 195, and numerous other cases.

Nor did the Act of 1885 and subsequent acts affect those rulings.

There remains, then, nothing but the record proper, and it is not asserted by the appellant that there is any error therein.

The judgment of the circuit court must be and is accordingly affirmed.

*Sherwood, P. J.,* and *Burgess, J.,* concur.