## WILSON, Appellant, v. ST. LOUIS AND SAN FRANCISCO RAILROAD COMPANY.

### Division Two, February 25, 1902.

**Appeal:** BILL OF EXCEPTIONS: AUTHENTICATION: FILING. A bill of exceptions which has not been authenticated by being filed can not be considered.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

AFFIRMED.

*Jas. P. Kerr* for appellant.

*L. F. Parker* and *John T. Woodruff* for respondent.

If the bill of exceptions is filed in term time, the filing must be evidenced by a record entry of the court showing the filing—if filed in vacation pursuant to an order of court granting leave to file it in vacation, "there must be some certificate on the bill itself, signed by the clerk, indicating the fact and date of filing, or some entry made by the clerk in the records of the court to that effect." Lafollette v. Thompson, 83 Mo. 199; Williams v. Williams, 26 Mo. App. 408; State v. Rolley, 135 Mo. 677.

SHERWOOD, P. J.—Action for damages for personal injuries; trial had and verdict for defendant, and plaintiff appeals.

This cause has been fully briefed, but counsel for defendant, in addition to briefing the cause on the merits, call attention to the fact that what is termed the bill of exceptions, has never been authenticated by being filed.

An examination of the transcript shows this objection to be well taken. The bill is signed by the judge at chambers, during the June term, and contains an order to the clerk to file it, but no filing of the bill, as shown by the record, has occurred.

In Lafollette v. Thompson, 83 Mo. 199, this court said: "The record discloses an order and consent of parties that a bill of exceptions may be filed after adjournment of the term. There is nothing of record, or on what purports to be a bill of exceptions, to indicate it was ever filed at all. There must be an entry of record to make a bill of exceptions a part of the record. This is indispensable in term time. When leave is granted, with consent of parties, to file a bill in vacation, there must be some certificate on the bill itself, signed by the clerk, indicating the fact and date of filing, or some entry made by the clerk in the records of the court to that effect."

This rule has been followed many times. [State v. Rolley, 135 Mo. 677; Williams v. Williams, 26 Mo. App. 408; and other cases.] To like effect are Fulkerson v. Houts, 55 Mo. 301; Pope v. Thomson, 66 Mo. 661; Johnson v. Hodges, 65 Mo. 589; Carter v. Prior, 78 Mo, 222; Dinwiddie v. Jacobs, 82 Mo. 195; Ricketts v. Hart, 150 Mo. 64; Roush v. Cunningham, 163 Mo. 173.

Finding no error in the record proper, judgment affirmed. All concur.