## THE STATE v. WILLIAM BORDERS, Appellant.

### Division Two, May 26, 1910.

BILL OF EXCEPTIONS: No Certificate. Where the record fails to show that what is termed the bill of exceptions was ever filed, and there is no certificate of the clerk on the bill indicating the fact and date of filing, the purported bill must be disregarded, and if no errors are in the record proper the judgment will be affirmed.

Appeal from Iron Circuit Court.—*Hon. Jos. J. Williams*, Judge.

AFFIRMED.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

(1) The information is valid and sufficient; it concisely presents the charge in the language of the statute, and is good under the common law. R. S. 1899, sec. 1875; State v. Moore, 61 Mo. 276; State v. Hunt, 190 Mo. 359. (2) The bill of exceptions is not authenticated or identified. The part of the record that should have been denominated the bill of exceptions is intermingled with the record proper. It is impossible to tell where the bill of exceptions commences and where it ends. The same may be said of the record proper. The bill of exceptions cannot be considered. State v. Weinegard, 168 Mo. 490; Stark v. Zehnder, 204 Mo. 448; Clay v. Pub. Co., 200 Mo. 673. (3) The bill of exceptions cannot be considered by this court for another reason. There is no certificate of the clerk showing that the bill is a part of the record in the cause. While the bill shows that Judge Williams signed the bill and had made it a part of the record, this will not suffice; the clerk should have certified that it is a copy of the record in the cause. There is nothing here showing that this bill of exceptions is a part of the record. R. S. 1899, secs. 732 and 1592; Bobbs v. Ins. Co., 31 Mo. 499; Rice v. McElhannon, 48 Mo. 224; Land Co. v. Martin, 125 Mo. 114.

FOX, J.—The defendant, under an information filed by the prosecuting attorney of Iron county, charging him with arson, was found guilty of arson in the third degree, and his punishment assessed by the jury at imprisonment in the penitentiary for a term of five years. Motions for new trial and in arrest of judgment were filed by the defendant and overruled by the court, judgment entered of record, and an appeal allowed defendant to this court.

The defendant is not represented in this court, but an examination of the record fails to show that what is termed the bill of exceptions was ever filed; nor is there any certificate of the clerk on the bill, indicating the fact and date of filing.

In Lafollette v. Thompson, 83 Mo. 199, this court said: "There must be an entry of record to make a bill of exceptions a part of the record. This is indispensable in term time. When leave is granted, with consent of parties, to file a bill in vacation, there must be some certificate on the bill itself, signed by the clerk, indicating the fact and date of filing, or some entry made by the clerk in the records of the court to that effect." This rule has been stated and approved many times. [Roush v. Cunningham, 163 Mo. 173; Wilson v. Railroad, 167 Mo. 323; State v. Rolley, 135 Mo. 677; Ricketts v. Hart, 150 Mo. 64; Williams v. Williams, 26 Mo. App. 408, and other cases.]

The purported bill of exceptions must be disregarded as not being properly authenticated. We have examined the record proper, and find no error therein. The judgment is affirmed. All concur.