REAN A. CALLIER, Respondent, v. CHESTER, PERRYVILLE & STE. GENEVIEVE RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, June 6, 1911.

1. **CERTIORARI: Reaches Record Only: Appellate Practice: Presumption.** The common law writ of certiorari, which prevails in Missouri, brings up for review only matters of record, and where the record is sufficient on its face the presumption is, that the judgment is sustained by competent proof.

2. **APPELLATE PRACTICE: Bill of Exceptions: Duty of Appellant.** The duty of filing a bill of exceptions and of exhibiting, on appeal, the record showing such filing rests upon the appellant.

3. ———: **Diminution of Record: Certiorari.** Where, on appeal, the record appears to be insufficient, the appellant may suggest a diminution of the record and cause a writ of certiorari to issue, or he may stipulate with his adversary concerning corrections to be made or omissions to be supplied.

4. ———: ———: ———: **Scope of Review: Facts Stated.** A record filed in the appellate court did not disclose the filing of a bill of exceptions, and the case was passed to allow appellant to apply to the trial court for an order *nunc pro tunc*, showing such filing. The trial court made the order, respondent appealing therefrom. Both parties thereafter appeared in the appellate court and suggested a diminution of the record, and a writ of certiorari was ordered issued, but the parties in open court waived its issue and filed, as a return to that order, a printed abstract prepared by respondent on his appeal from the *nunc pro tunc* order, containing the record entries pertaining thereto, and the evidence adduced at the hearing therefor, as preserved in a bill of exceptions, and thereupon respondent dismissed his appeal from that order. *Held, that,*

Callier v. Railroad.

inasmuch as appellant adopted the abstract to supply an omission in the record, without which its bill of exceptions could not be considered, it took said abstract *cum onere*, and that, inasmuch as, upon the agreement to file the abstract as a return to the order for certiorari being made, respondent dismissed his appeal from the *nunc pro tunc* order, appellant was estopped from insisting that the sufficiency of said order be determined on the face of the record, according to the technical rule in certiorari, and, therefore, that the court would review the *nunc pro tunc* order on its merits, as disclosed by the evidence set forth in said abstract.

5. ———: Appeal from Nunc Pro Tunc Order: Scope of Review. One appealing from an order making a correction in the record *nunc pro tunc* is entitled to have the entire proceedings therefor reviewed.

6. NUNC PRO TUNC ORDER: Necessity of Documentary Evidence. A *nunc pro tunc* order may not be made at a subsequent term of court upon evidence other than that furnished by the papers and files in the cause or something of record or in the minute book or judge's docket, as a basis by which to amend or supply the defective record.

7. BILLS OF EXCEPTIONS: Filing: Nunc Pro Tunc Order: Sufficiency of Evidence. A bill of exceptions was sent to the circuit clerk by express, in time to have reached him several days before the expiration of the time for filing it, and was later found unsealed in his office, but bearing no file marks. A paper, reciting that the bill was filed within the time fixed and bearing the file mark and signature of the clerk, was sent to appellant's counsel by the clerk; but this paper was not found among the files of the case nor in the clerk's office, though a carbon copy of it bearing no file mark was. *Held*, that, under these facts, the court had no authority to enter an order at a subsequent term, *nunc pro tunc*, showing the filing of the bill of exceptions within the time fixed, although the paper in the possession of appellant's counsel would have furnished a sufficient basis for the order, had it been found among the files of the cause or in the clerk's office.

8. ———: ———: ———: File Mark. The file mark of a circuit clerk indorsed on a bill of exceptions *is* a sufficient note or memorandum upon which to base a *nunc pro tunc* order showing its filing, where the bill is found in the clerk's office and contains an order, over the signature of the judge, for the clerk to file it.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

AFFIRMED.

*Giboney Houck, James F. Green* and *Davis &*
*Hardesty* for appellant.

(1)   The *nunc pro tunc* proceedings confirm ap-
pellant's original abstract as to the filing of the bill
of exceptions.   (a)   The proceedings show an order
(filing the bill *nunc pro tunc*) subject to appeal and
never appealed from.   Haydon v. Groc. Co., 88 Mo.
App. 241; Bank v. Allen, 71 Mo. 474; Bowman v. Ray,
80 S. W. 200; Sec. 2038, R. S. 1909; Dawson v. Wald-
heim, 89 Mo. App. 245.   (b)   The proceedings are
brought here by certiorari to perfect the original trans-
cript and can subserve no other purpose.   State v.
Sullivan, 50 Fed. 593; L. N. A. & C. R. Co. v. Trust
Co., 78 Fed. 659 Sec. 12, art. 6, Const. Mo.; State ex
rel. v. Moore, 84 Mo. App. 11; State ex rel. v. Smith,
101 Mo. 174; State ex rel. v. Shelton, 154 Mo. 670;
Sec. 2052, R. S. 1909; Rule 6 of St. Louis Court of
Appeals; Mo. App. Practice (2 Ed.), p. 227; State v.
Daugherty, 59 Mo. 104; State v. Van Zant, 71 Mo. 541;
Smith v. Railroad, 91 Mo. 58; 3 Cyc. 149-150; 2 Ency.
Pl. and Pr., 305-308; Railroad v. Railroad, 110 Mo.
App. 300; Secs. 2038, 2054, 2082, 2083, R. S. 1909.   (2)
Certiorari will not lie for review where there is an
adequate remedy by appeal.   Mo. App. Practice (2
Ed.), pp. 223, 224, 227; State ex rel. v. Lichta, 130
Mo. App. 285; State ex rel. v. Ayers, 116 Mo. App.
80; State ex rel. v. Woodson, 161 Mo. 444; Fry v. Arm-
strong, 109 Mo. App. 402; Walker v. State, 102 Ind.
502.   (3)   Certiorari never lies to review any errors
committed in the exercise of a rightful jurisdiction.
State v. Leonard, 116 S. W. 14; State ex rel. v. Casey,
210 Mo. 235; State ex rel. v. Court, 45 Mo. App. 387;
State ex rel. v. Wooten, 122 S. W. 1103; State ex rel.
v. Broaddus, 115 S. W. 1118; State ex rel. v. Shelton,
supra; State ex rel. v. Lichta, supra; 4 Ency. Pld. and
Pr., 98.   (4)   Even if the *nunc pro tunc* proceedings
were subjected to the most rigid review on an appeal
still the granting of the order would be affirmed for

lack of error in such proceedings. (a) There was competent evidence amply sufficient to support the order. Haydon v. Alkire Groc. Co., 88 Mo. App. 241; Darrier v. Darrier, 58 Mo. 222; Gilmore v. Harp, 82 Mo. App. 386; Pulitzer Pub. Co. v. Allen, 134 Mo. App. 229; Priest, Adm., v. McMaster, 52 Mo. 62; Whitten v. Robison, 31 Mo. App. 534; Ex parte Jones, 61 Ala. 299; Bothe v. Railroad, 7 Ohio St. 147; Manhattan Co. v. Osgood, 1 Cow. 66; Donne v. Lewis, 11 Ves. Jr. 601; Lawrence v. Richmond, 1 Jac. & W. 241; Bilansky v. State, 3 Minn. 427. (b) Requirements as to record entries to attest filing in vacation, are not so rigid as those with respect to filing in term time, for in term time the court speaks only by its record. Haydon v. Groc. Co., 88 Mo. App. 241; Steinberg v. Ins. Co., 49 Mo. App. 257; Ferguson v. Thacher, 79 Mo. 511; Finlay v. Gill, 80 Mo. App. 458; State v. Rolley, 135 Mo. 677; Carter v. Prior, 78 Mo. 222; Cantwell v. Lead Co., 199 Mo. 40; Campbell v. Railroad, 78 Mo. 639; Pugh v. Ayres, 47 Mo. App. 590. (c) Due diligence on the part of the applicant and a deficiency of record caused solely by official default further justified the learned trial court in so promptly granting relief and refusing to countenance an intolerable injustice by overruling the application. Dawson v. Waldheim, 89 Mo. App. 245; Springfield v. Fulk, 131 S. W. 694; Ferris v. Bank, 158 Ill. 237; Edred v. Malley, 2 Colo. 20; 3 Ency. Pl. and Pr., 484. (d) No error was committed in admitting parol evidence purely for purposes of identification. St. Francis Mill Co. v. Sugg, 142 Mo. 358; Hach v. Rollins, 158 Mo. 182; 3 Cyc. 244-246, 385.

*Edward Robb* and *Bradley & McKay* for respondent.

(1) It is the settled law of this State that entries *nunc pro tunc* after final judgment at a subsequent term can only be made upon evidence furnished by the

papers and files in the cause, or something of record or in the minute book, or judge's docket as a basis by which to amend by, and there was no evidence of this character in this proceeding, and the *nunc pro tunc* order is invalid. Parol evidence is inadmissible, incompetent and insufficient. Coy v. Landers, 146 Mo. App. 413; Pub. Co. v. Allen, 134 Mo. App. 232; Becher v. Deuser, 169 Mo. 159; State v. Gatrell, 171 Mo. 489; Railroad v. Holschlag, 144 Mo. 253; Young v. Young, 165 Mo. 630; Board of Ministerial Relief v. Drummond, 167 Mo. 54; Ross v. Railroad, 141 Mo. 390; Williams v. Walton, 84 Mo. App. 441; State v. Jeffors, 64 Mo. 376; Page v. Chapin, 80 Mo. App. 159; Belkin v. Rhodes, 76 Mo. 650; Cunningham v. Wells, 16 Mo. App. 78; Hansbrough v. Fudge, 80 Mo. 309; Gamble v. Daugherty, 71 Mo. 601; Sperling v. Stubblefield, 105 Mo. App. 489; State v. Baldwin, 109 Mo. App. 578; Match Co. v. Railroad, 121 Mo. App. 43; Fletcher v. Coombs, 58 Mo. 430; Dunn v. Raley, 58 Mo. 134; Saxton v. Smith, 50 Mo. 490; Bank v. Allen, 68 Mo. 476; Hyde v. Curling, 10 Mo. 359.  (2)  The memorandum furnished by the attorneys to the clerk from which to make the order, did not constitute a part of the papers or files in the cause.  Becher v. Deuser, 169 Mo. 159.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through the alleged negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

Upon the record reaching this court, it was discovered that it omitted to disclose the filing of a bill of exceptions and the hearing of the case was passed to allow defendant an opportunity to proceed in the trial court to the end of supplying the deficiency in the record by obtaining an order *nunc pro tunc* showing the bill of exceptions to have been filed, if such were the fact.  As, in the view we take, the matter must be

disposed of by a consideration of the proceedings had with reference to the *nunc pro tunc* order, the facts concerning it alone will be stated.

It appears a hearing was had in the circuit court on defendant's motion for a *nunc pro tunc* order to show the filing of the bill of exceptions as of June 25, 1910, and on this hearing the purported bill of exceptions itself and certain records were introduced, together with some oral testimony. The court sustained the motion and made an order amending the record *nunc pro tunc* which recites on its face that the court found from the record and files in the case the bill of exceptions was filed June 25, 1910, within due time, in vacation of the court, under an order extending the time for filing there until July 1st of that year. Plaintiff objected and excepted to the introduction of oral testimony touching the matter and in due time filed his motion for a rehearing, after the order was made, which was overruled, and made up, took and filed his bill of exceptions on the *nunc pro tunc* proceeding and duly appealed to this court on that question. After plaintiff's bill of exceptions on the *nunc pro tunc* proceeding was filed and his appeal perfected from the order amending the record *nunc pro tunc,* the parties, both plaintiff and defendant, appeared in this court and a suggestion of diminution of the record was made. A writ of certiorari was ordered issued on this suggestion, but the parties in open court waived its issue and requested permission to file here, as the return to that order, plaintiff's printed abstract, including all of the record entries pertaining to the *nunc pro tunc* order, together with the bill of exceptions taken by plaintiff to the action of the trial court in amending the record *nunc pro tunc,* and this request was granted by the court. In furtherance of his appeal from the order of the court made *nunc pro tunc,* plaintiff had printed a complete abstract of all of the proceedings touching that

matter, showing all of the record entries, together with a complete bill of exceptions containing all of the evidence introduced at the hearing for such order. It was this abstract which the parties requested permission to file as a return to the order awarding the writ of certiorari, concerning the issue of which a waiver was entered. The court having granted leave as requested, the parties filed a stipulation in writing here, by which it is agreed such printed abstract, which contains as well the bill of exceptions taken on the *nunc pro tunc* proceedings, should constitute the return to that order. This return contains, besides the *nunc pro tunc* order, all of the evidence preserved in the bill of exceptions on which the court made the order; and, when such evidence is examined, there is nothing whatever therein to support the *nunc pro tunc* order; for it conclusively appears that such order was not made from any entry or memorandum in the record of the court or minutes of the clerk, notations on the judge's docket, nor from papers in the case found in the files. However, the *nunc pro tunc* order on its face recites that the court found the facts on which the order is based from "the records and papers in the case" and upon this recital it is argued for defendant that this court should not look beyond the *nunc pro tunc* order itself. It is said the order appears on its face to be complete and discloses that it was made from "the records and papers in the case" and further that the Circuit Court of Dunklin County, being a court possessed of general jurisdiction over the subject-matter, it must be presumed as a matter of law that it made such order from competent minutes, notes, memoranda, etc., in the record or the files in the case.

There can be no doubt that the common law writ of certiorari which prevails with us brings up for review only matters of record and that if the record is sufficient on its face, the presumption goes in favor of the trial court, to the effect that the judgment was

given on competent proof. [State ex rel. K. & T. Coal Ry. Co. v. Shelton, 154 Mo. 670, 55 S. W. 1008.] But, though the writ of certiorari was ordered in this case on the suggestion of diminution of record, no such writ was actually issued, as both parties in open court waived it, and the abstract and bill of exceptions containing the *nunc pro tunc* proceedings, which were filed in the case, were filed by agreement of the parties as a return to the order, not to the writ itself. This is of but slight importance and it may be that no distinction whatever should be taken in respect of it, but it is obvious that defendant is estopped from objecting here to a consideration of the evidence in the *nunc pro tunc* proceeding, for by its solemn agreement in open court plaintiff's abstract, containing the bill of exceptions and evidence therein, was submitted as the return. As the case stood, without the *nunc pro tunc* proceedings, nothing appeared to show defendant had filed its bill of exceptions, and the duty to both file it and exhibit the record to that effect was upon defendant, for it is the appellant. [Hill v. Butler County, 195 Mo. 511, 94 S. W. 518.] When, on appeal, the record appears to be insufficient, it is competent, under the rule of practice which obtains in this state, for the appellant to suggest diminution of record and cause the writ of certiorari to issue or to stipulate with his adversary as to corrections to be made or omissions to be supplied in the record. Either procedure is competent and proper and such has been expressly decided by the Supreme Court. [Smith v. St. L., I. M., etc., R. Co., 91 Mo. 58, 3 S. W. 836.] In the situation of affairs which obtained before the *nunc pro tunc* entry was made, the record was not sufficient to entitle defendant to a review of the merits of the case in this court on appeal, and, therefore, the duty devolved upon defendant, and not upon plaintiff, to procure the *nunc pro tunc* entry and exhibit it here, to the end of supplying the omission. [Beck v. Dowell,

111 Mo. 506, 509, 20 S. W. 209; see, also, 2 Ency. Pl. and Pr. 305.] As, to the end of discharging this duty, defendant filed plaintiff's printed abstract, containing the *nunc pro tunc* order, together with the bill of exceptions and the evidence therein, for the purpose of supplying the omission, which appears in the abstract filed by it in *connection with the appeal, it is certainly estopped now from saying that the court should adhere to the technical rule in certiorari and look at so much of the return as is favorable to it and close its eyes to the remainder. Though the technical rules of law as to certiorari obtain, the fundamental principles of justice involved in the doctrine of estoppel prevail as well and attend the application of the law throughout our system of jurisprudence.

There can be no doubt of plaintiff's right to have the entire *nunc pro tunc* proceeding reviewed here, on appeal from that order, for such is the course frequently pursued, and it appears that he actually perfected his appeal to that end. [Walker v. State, 102 Ind. 502; 17 Pl. and Pr. 928.] He saved his exceptions, filed his motion for a rehearing thereon, which was overruled, excepted to that ruling, preserved all of the evidence and the motion and exceptions in his bill of exceptions, which was allowed, signed, sealed, filed and made a part of the record, and actually perfected an appeal therefrom to this court and even printed his abstract, containing all of the record thereon, together with the complete bill of exceptions, for review here. But, upon the parties stipulating that such printed abstract, which contained the whole matter, should be considered by this court as the return to the order for certiorari, the issue of which was waived, his appeal seems to have been abandoned. We can imagine no situation in which the doctrine of estoppel is more justly invoked than here, for, indeed, besides plaintiff's foregoing his appeal, it devolved upon defendant alone to supply the omission in

the record pertaining to the filing of the bill of exceptions, and, to do this, it has submitted an abstract containing a *nunc pro tunc* order, admittedly sufficient on its face, but wholly insufficient when considered with reference to the evidence on which it is based. Defendant, having adopted such printed abstract, prepared by plaintiff in his appeal from the *nunc pro tunc* order, to supply the deficiency in its record on the appeal of the main case, must take it *cum onere*.

Looking into the evidence on which the court made the *nunc pro tunc* entry, there is nothing whatever therein in the nature of a record, a minute, a note or memorandum found in the records of the circuit court, the minute book, the judge's docket, or the files of the case, on which to base an order *nunc pro tunc* to the effect that defendant's bill of exceptions in the main case was filed June 25, 1910. It appears therein that the time for filing defendant's bill of exceptions was extended by the court until July 1, 1910 and that a bill of exceptions was sent to the clerk of the court by express in due time, so that it should have reached him on June 25th. This bill of exceptions was found unsealed in the clerk's office but it bore no file mark whatever. There can be no doubt that, if this document bore the file mark of the clerk as of date June 25th, it, of itself, would furnish a sufficient note or memorandum on which to base the *nunc pro tunc* order, for the bill itself contained an order over the signature of the judge, as is usual, for the clerk to file it. We say this in view of the fact that the purported bill of exceptions was found in the clerk's office and probably among the files of the case and it appears the court was in vacation at the time. [Haydon v. Alkire Grocery Co., 88 Mo. 241.] But no file marks whatever appear on the purported bill of exceptions. The only document or memorandum which defendant relies upon as a note or memorandum in support of the *nunc pro tunc* entry is the following:

"Rean A. Callier; Plaintiff, v. Chester, Perryville & Ste. Genevieve Ry. Co.

"In the Circuit Court of Dunklin County, State of Missouri.

"Now on the 25th day of June, 1910, in the vacation of court, comes the defendant and files its bill of exceptions in the above entitled cause, within the total time heretofore granted in that behalf by the various orders of said court and the judge thereof in vacation, said bill of exceptions having been duly signed by Honorable J. L. Fort, Judge of said court, who tried this cause.

"Filed and recorded June 25, 1910.

"BERT TURNER,

"Clerk of said Court."

But this paper was not found among the files of the case nor in the clerk's office at all, though a copy thereof bearing no file marks whatever was. This document, it is said, was prepared for entry upon the record by defendant's counsel and was mailed to the clerk of the circuit court, along with the copy thereof. Defendant's counsel received it in return, in due course of mail, some one or two days after June 25, 1910. When it was received by defendant's counsel, it bore the following words written by the clerk on the bottom thereof: "Filed and recorded June 25, 1910. Bert Turner, Clerk of said Court." But, as before stated, this paper was not found among the files of the case nor in the clerk's office at all, for it was in possession of defendant's counsel all the time. It is true a carbon copy of this paper was found in the files of the case, but on this carbon copy there were no marks whatever suggesting that it had ever been filed or that it had in any manner been connected with the record of the court in this cause. At most, the carbon copy was merely deposited or lodged in the clerk's office without filing. The rule is strict in this state to the effect that a *nunc pro tunc* order may not be made at a

subsequent term of court as in this cause upon evidence other than that furnished by the papers and files in the cause or something of record or in the minute book or the judge's docket as a basis by which to amend or supply the defective record. [Coy v. Landers, 146 Mo. App. 413, 125 S. W. 789.] . Both oral testimony and the judge's recollections of what occurred are wholly incompetent for consideration on such matters and the order may be made, now for then, only from a record or note or memorandum found in the records or files of the case. [Belkin v. Rhodes, 76 Mo. 643.] Had the copy of the order above set out, bearing the signature of the clerk and file marks thereon, been found in the files of the case or in the clerk's office, which, under the law, is the proper repository, no one would doubt its sufficiency as a basis for the *nunc pro tunc* entry which was made, but this paper, found in the possession of defendant's counsel and not in the clerk's office at all, and which the evidence fails to show was ever deposited there, was wholly insufficient to purport authenticity as a paper in the case bearing file marks. [Becher v. Deuser, 169 Mo. 159, 69 S. W. 363.] Therefore, it appears that though the *nunc pro tunc* order on its face recites that it was made from records and papers in the case, the court misconceived the paper bearing file marks, which had always been in defendant's possession and at no time among the files of the case, to be a record or paper in the case. The *nunc pro tunc* order filing the bill of exceptions of June 25, 1910 was therefore improvidently made, and, this being true, there appears to be no bill of exception before us for review.

The record proper is obviously sufficient to support the judgment, and, as we are not permitted to review the matters of exception in the state of the record, the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.