CASES DETERMINED

BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS.

MARCH TERM, 1914.

State ex rel. CHESTER, PERRYVILLE & STE. GENEVIEVE RAILWAY COMPANY, Respondent, v. BERT TURNER, VIRGIL McKAY, D. B. PLANKEY and W. F. SHELTON, JR., Appellants.

Springfield Court of Appeals, March 5, 1914.

1. FILING OF PAPERS: What Constitutes: Endorsement. An endorsement required to be made by a clerk when he receives a paper does not constitute the filing of that paper. The filing is the actual delivery of the paper to the clerk, without regard to any action that he may take thereon.

2. BILL OF EXCEPTIONS. What Constitutes the Filing of. Where delivery of a bill of exceptions was made to the clerk at his office in proper time with directions to file same and the clerk received and retained it, the same was filed regardless of the fact that the clerk did not mark same "Filed" or make a vacation record entry.

3. ——— ———: Filing: Clerk's Endorsement: Not Essential. A clerk's endorsement or memorandum on a bill of exceptions as to the date and fact of filing is only evidence thereof and such filing may be established by other evidence.

4. CLERKS OF COURTS: Filing Papers: Acts Ministerial: Nunc Pro Tunc Record. A clerk acts ministerially and not judicially in filing papers in vacation; hence no *nunc pro tunc* record could be supplied showing any such filing.

5. RES JUDICATA: Those not Parties to Suit: Privies. A judgment is not *res judicata* as to one not a party to a suit and who is in no wise in privy with any party thereto.

177 Mo. App.]        (454)

Appeal from Mississippi County Circuit Court.—*Hon. Frank Kelly*, Judge.

REVERSED AND REMANDED.

*J. L. Fort* and *T. R. R. Ely* for appellants.

(1) The filing of a paper is the actual delivery of the paper to the clerk without regard to any action that he may take thereon, and does not consist of the marking put on it by the clerk, but in placing it as a permanent record in the office, or case, where it belongs. Indeed the endorsement of the fact of filing is only evidence that such filing has been made; and but only evidence thereof. Lent v. Co., 130 N. Y. 504; Jones v. Wells, 3 Tex. App., Sec. 94; Grubbs v. Cones, 57 Mo. 83; State v. Hockaday, 98 Mo. 590; Vettison v. Budd, 21 Ark. 578; Thompson v. Foster, 6 Ark. 208; Jacksonville v. Walton, 42 Fla. 54; Oats v. State, 153 Ind. 436; Powers v. State, 87 Ind. 144; Graham v. Summers, 25 Minn. 81; State v. Heth, 60 Kan. 560; In re Dewar, 10 Mont. 426; Bishop v. Cook, 13 Barb. 326; King v. Penn. 43 O. St. 57; Nimmons v. Westfall, 33 O. St. 213; Hains v. Lindsey, 4 Ohio 88; Starkwether v. Bell, 12 S. D. 146; Franklin v. State, 24 Fla. 55; Newman v. Clayburn, 40 S. C. 549. (2) The only official act within the power of the clerk to perform with regard to the entry of the filing of the bill of exceptions in the "vacation record" was to make a certified copy. It cannot be maintained that the clerk was acting officially in writing the letter and in talking over the telephone to respondent's attorney. 7 Cyc. 219-232; People v. Leaton, 13 N. E. Rep. 241; Reno v. McCully, 22 N. W. Rep. 902; Mallory v. Ferguson, 32 Pac. Rep. 410; Lick v. Madden, 95 Am. Dec. 175; State v. White, 152 Mo. 416; State v. Daily, 4 Mo. App. 172; State v. Moeller, 48 Mo. 331; Winn v. McCuney, 46 S. Rep. 854. (3) While it is the object of the law to compensate a party for all damages which may result to him from

the injury complained of yet where such injuries are remote, contingent, or speculative and do not directly follow from the injury or breach they will be denied. Brink v. Co., 160 Mo. 87; Champion v. Co., 123 Ill. App. 20-24; 13 Cyc. 25-35; 34 Cyc. 1200. (4) It may be conceded that Turner is individually liable to respondent for the items of damages claimed in the second count of the petition for the deceit charged therein against him resulted in damages to respondent, but the deceit charged was not "official deceit," or deceit for which the sureties may be held liable.

*Giboney Houck, James F. Green, Lane & Alexander* and *Davis* and *Hardesty* for respondent.

(1) The clerk's failure to file the Callier bill of exceptions by an official entry was a breach of his bond. R. S. 1909, secs. 2029, 2685; State ex rel. v. O'Gorman, 75 Mo. 379; Howard v. U. S., 42 C. C. A. 269, 102 Fed. 77; Callier v. Railroad, 158 Mo. App. 249, 138 S. W. 660; LaFollette v. Thompson, 83 Mo. 199; Wilson v. Railroad, 167 Mo. 324; State v. Borders, 228 Mo. 480, 128 S. W. 737; Walner v. Wade, 124 Mo. App. 496; Fast v. Gray, 105 Mo. App. 695. (2) Prima facie, the measure of respondent's damages resulting from such breach is the amount it was compelled to pay on the Callier judgment. Weedon v. Railroad, 24 C. C. A. 249, 78 Fed. 591; Anderson v. Joliett, 14 La. Ann. 614; Alston v. Sharp, 70 Tenn. 515; Norman v. Vanderburg, 157 Mo. App. 488, 138 S. W. 47. (3) Appellants admit in their brief that Turner is personally liable for the damages caused respondent by his false information, and admit in their abstract that if the sureties are liable for any of the items of said damages—that is to say, the expense incurred for printing abstract, or for printing brief, or for attorneys' fees —then the recovery of the sum of $654.30 on the second count was reasonable. (4) The judgment of $654.30 on the second count should, therefore, be af-

firmed against the sureties, for the giving of the false information was an official act of the clerk. R. S. 1909, secs. 2029, 2683, 2685, 2697, 3085, 3852, 3853, 3854, 10698; State ex rel. v. O'Gorman, 75 Mo. 379; Howard v. U. S., 102 Fed. 77, 42 C. C. A. 269; Ziegler v. Conn., 12 Pa. St. 227; Selover v. Sheardown, 72 Am. St. Rep. 627, 73 Minn. 393, 76 N. W. 50.

STURGIS, J.—This is a suit on the official bond of the circuit clerk of Dunklin county, the defendant Turner being the clerk and the other defendants the sureties on his bond. The alleged breach of his bond relates to this clerk's failure to perform the duties of his office in making a record or written notation showing the filing of the bill of exceptions in a personal injury case, entitled Rean A. Callier v. Chester, Perryville & Ste. Genevieve Railway Company, hereafter designated as the Callier case, and which was tried and judgment rendered against that defendant, relator here, in the court of which defendant Turner was clerk. The said railway company, as relator here, claims damages on the clerk's bond because the failure of the clerk to properly file the bill of exceptions and make a record thereof deprived it of the right to have its appeal in the Callier case heard in the appellate court. It claims, of course, that had such case been heard on the whole record, inclusive of the bill of exceptions, the case would have been reversed outright or at least reversed and remanded. As it was, the case was affirmed by the St. Louis Court of Appeals, Callier v. Chester, P. & St. G. R. Co., 158 Mo. App. 249, 138 S. W. 660. The damages are laid at the amount of the judgment and interest the relator was compelled to pay and the necessary costs, expenses and attorneys' fees incurred and paid in perfecting the appeal, rendered unavailing by having no bill of exceptions before the appellate court.

On the trial of the present case, the relator put in evidence and presented to the trial court and presents to this court the entire record in the Callier case, inclusive of the bill of exceptions presented to the St. Louis Court of Appeals but not considered by it, for the purpose of showing that, had the defendant clerk "filed" the bill of exceptions as was his duty to do, the Court of Appeals must have reversed the Callier damage case on the errors there shown. The opinion and judgment of the Court of Appeals in the Callier case, supra, was put in evidence to show, as it does, that the Court of Appeals refused to consider the bill of exceptions or any errors therein complained of because there was no sufficient showing that such bill of exceptions was ever filed in the trial court. The relator proceeds here on the theory that, if it was the fault of the clerk that the bill of exceptions was not filed and no such record of the filing made as would present that bill of exceptions to the appellate court for consideration and if reversible error is shown by such bill, then the trial court and now this court must say that the appellate court except for such fault of the clerk would have reversed, as was its duty to do, the judgment which was affirmed and thereby relator would have been relieved from the payment of such judgment. The defendants reply to this by saying that no reversible error is shown by the bill of exceptions and its consideration by the Court of Appeals in the Callier case would have made no difference as to affirming the judgment; that at most the case would have been reversed and remanded and on another trial Callier would have recovered as large or a larger judgment and therefore relator has lost nothing. The trial court took relator's view of the case, rendered judgment for the penalty of the bond and awarded execution for $6251.87.

The first and as we view it the decisive question presented here is whether the bill of exceptions in ques-

tion was in fact filed in the manner provided by law, i. e., whether the clerk was guilty of any breach of official duty in reference to the filing of such bill. On this point the answer is: "Further answering herein, defendants aver that they have no knowledge, or information, sufficient to form belief as to whether the St. Louis Court of Appeals refused to pass upon, or consider, the bill of exceptions, as pleaded in plaintiff's petition, but aver the fact to be that if it be true, as alleged in plaintiff's petition, that said court did refuse to pass upon, or consider, said bill of exceptions, the same was the result of the negligence and carelessness of plaintiff in failing to make any proof in said Court of Appeals, or elsewhere, of the fact that said bill of exceptions was deposited in the office of the defendant, Bert Turner, within the time allowed by law and the orders of the court in which said cause was tried, and by the orders of the judge of said court."

There is no dispute between the parties as to the facts relative to filing the bill of exceptions in the Callier case. It is admitted by all parties that the bill was properly prepared and signed by the judge and ordered, over his signature, to be filed as part of the record in that case; that such bill was, within the time granted by the court for that purpose, actually delivered by relator to the clerk at and in his office, with request and directions to file the same; and that the clerk then and there received the same and deposited and retained it in his office. He also informed relator by signing and mailing to it a writing, set out in the Callier case, supra, and by telephone that such bill of exceptions was received and filed. The bill of exceptions was used in preparing the abstract of the record of the appeal in the Callier case and was yet in the clerk's office, its identity unquestioned, when offered in evidence in this case. The relator, on whom devolved the duty of preparing and having signed and

filed the said bill of exceptions and presenting and depositing it with the clerk at and in his office for filing, was anxious to show and did show that it performed its whole duty in this regard. It was shown and admitted, however, that the clerk did not make any record entry or written memorandum, commonly called a file mark, on the bill itself or in any vacation record showing the fact and date of the filing. The defendant clerk was equally anxious and willing to prove, and therefore admitted, such facts on his contention that the bill was both in law and in fact filed and that his failure to make a record entry or notation in writing evidencing that fact was and is both harmless and no such breach of his official duty as to render him and his sureties liable on his bond. The argument in this behalf is that a record entry made by the clerk in vacation or his file mark written or stamped on the paper filed is only evidence of the filing and by no means the only evidence of that fact and, while it is customary for the clerk to make such written memorandum of the filing, as furnishing a ready, permanent and convenient means of proving the fact of filing, yet, where, as here, the fact of filing can be and is readily established by other competent, available and uncontradicted evidence, equally as potent as establishing the fact of filing, then no breach of official duty or, at most, a harmless one is shown.

It is evident that the same evidence introduced on the present trial was available when the question of whether or not the bill of exceptions had been filed arose in the St. Louis Court of Appeals in the Callier case and the question now presented to this court is whether such evidence was presented and sufficiently to establish that fact in that court. The defendants disclaim any responsibility for failure, if any there was, in furnishing this available, competent and efficient evidence to that court.

We think the law is well established in this state that a paper is filed in legal contemplation when it is presented and delivered to the proper officer and received and deposited by him in the proper office to be kept on file; that the filing of the paper in vacation is necessarily a ministerial and not a judicial act; that the clerk's endorsement thereon or memorandum made, stating the fact and date of filing or in what case filed, is only evidence of the filing and not the sole or necessary element, the *sine qua non,* of such filing; that such filing may be established by other evidence and that other courts than the one where the paper is alleged to have been filed have power to hear and determine the fact of filing when that question is properly and necessarily presented to such other courts.

The case of Grubbs v. Cones, 57 Mo. 83, is the leading case on this subject and the question there arose as to the time of filing a mechanic's lien notice in the clerk's office on which depended the validity of the lien sought to be enforced. The court declared the law thus: "The filing is the actual delivery of the paper to the clerk without regard to any action that he may take thereon. If the clerk commits a clerical error, or makes a mistake in reference to the time at which he received the paper, that will not make any difference. He may indorse upon it the wrong date, or an impossible date, and still the real date of the filing will be the same. Whilst the indorsement made by the clerk will be prima facie evidence of its truth, still it is competent to show that he erred in the matter of date; and if that fact clearly appears, it is within the province of the court to make the correction. The rights of an innocent party will not be sacrificed to a mere mistake, committed by a ministerial officer." In Baker v. Henry, 63 Mo. 517, the question arose collaterally in the circuit court as to both the fact and time of filing a report of sale of real estate in the probate court, essential to the validity of an administra-

tor's deed, where there was no record or file mark evidencing the filing of the same. The circuit court heard other evidence, found that the paper was filed, and the Supreme Court said: ''The mere indorsement by the clerk on the paper is not the sole constituent element of filing that paper; for in legal contemplation the presentation and delivery of the paper to the court or officer is the filing, which dates from its receipt by the clerk and lodgment in his office, although the clerk's indorsement is the highest legal evidence of the filing; and that indorsement being merely ministerial, is amenable at common law. This was so ruled in the State v. Gowen (7 Eng. Ark. 62), where following the English precedents it was held that, though the statute of amendments of that State was not applicable to criminal procedure, yet that the omission of the clerk to indorse on indictment 'filed,'being a mere clerical omission, could be amended and supplied on proof that the indictment constituted a part of the files of the court delivered with other indictments to the clerk at the preceding term for the purpose of being filed.''

These cases are the foundation of a large number of decisions affirming this doctrine and applying it under a variety of circumstances. In Granitoid Co. v. Morschel, 150 Mo. App. 650, 131 S. W. 470, the question again arose as to the filing of a mechanic's lien claim, except that in this case the question arose in the circuit court on appeal as to the date of filing in a justice's court, and it was sought to be shown by evidence *aliunde* the true date of the filing in contradiction of the justice's transcript. The court held it was proper to do this, saying that in the Grubbs case, supra, the court held ''that an endorsement required to be made by the clerk when he receives a paper does not constitute the filing of that paper; that the filing is the actual delivery of the paper to the clerk without regard to any action that he may take thereon.'' The same principle was applied in a criminal case, State

v. Hockaday, 98 Mo. 590, 593, 12 S. W. 246, where the question arose collaterally in the circuit court, and it was sought to prove by parol evidence both the fact and date of filing an information in a justice court, in the absence of any written evidence of that fact. The court said: ''A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file. . . . We are all agreed that it was competent to show by the oath of the justice when the information was lodged with him, and his failure to make a docket entry of the filing of it does not invalidate the·judgment.'' In Pullis v. Somerville, 218 Mo. 624, 117 S. W. 736, it became necessary for the Supreme Court to determine originally whether an oath of a referee appointed in the circuit court had been filed in that court along with his report. The supplemental abstract set forth an oath in due form, signed by the referee, to which objection was made that there was no record of the circuit court showing its filing nor did it ''bear the file mark of the clerk.'' The Supreme Court, accepting this as being true, said: ''But when taken before the clerk and left with him it is filed; the indorsement 'filed,' by the clerk, is only evidence of the fact. In Grubbs v. Cones, 57 Mo. 83, the court said: 'The filing is the actual delivery of the paper to the clerk without regard to any action that he may take thereon.' '' In State v. Pieski, 248 Mo. 715, 719, 154 S. W. 747, the Supreme Court, in speaking of what constitutes a filing of a transcript in that court, said: ''That ordinarily 'a paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file' (Bouvier's Law Dict.), we do not·doubt. That an 'actual delivery of the paper to the clerk without regard to any action that he may take thereon,' may also be a filing, we do not question.'' In Bennett v. Hall, 184 Mo. 407, 420, 83 S. W. 439, oral evidence was heard ·in the circuit court establishing the filing of a paper in the county

court in a proceeding brought to the circuit court by *certiorari*. Myers v. Wood, —— Mo. App. ——, 158 S. W. 909, is to the same effect.

While we do not find any case in this state, unless it be the Callier case, supra, directly holding that this principle of allowing the fact of filing to be shown by oral evidence when no record evidence exists applies to the filing of a bill of exceptions, yet, in the case of Ferguson v. Thacher, 79 Mo. 511, 514, the court held, overruling Carter v. Prior, 78 Mo. 222, that to show the filing of a bill of exceptions in vacation it is not essential to evidence it by an endorsement of that fact thereon, the court saying: ''The clerk's endorsement upon the bill of exceptions is but his certificate to the fact that it was filed, and his certificate, whether on the bill or elsewhere, if it identifies the bill as the one filed, we hold sufficient.'' When we take into consideration that there is no authority of law for clerks of circuit courts making a vacation record (State ex rel. v. Broaddus, 207 Mo. 107, 127, 105 S. W. 629, a dissenting opinion voicing the view of the whole court on this point), this certificate of the filing appearing elsewhere than on the bill, has not the dignity of a record, whatever value it may have as evidence, and the clerk cannot be held liable for failure to make the same. We do not see any reason for applying a different principle to establishing the filing of bills of exceptions than to any other important paper in a case and in other states the principle here discussed has been applied to bills of exceptions. [Preble v. Bates, 40 Fed. 745; Foster v. Hensen, 75 Iowa 291, 39 N. W. 505; Baker v. Milde (Texas), 33 S. W. 152; Eldred v. Malloy, 2 Colo. 20; Young v. Gaut, 69 Ark. 114, 61 S. W. 732; McDaniel v. Columbus Fertilizer, 109 Ga. 284, 34 S. E. 598.]

We readily agree that there must be some evidence presented to the appellate court showing that a bill of exceptions which such court is asked to re-

Railroad v. Turner.

view has been filed; and where there is no record entry or *anything* showing such filing the same cannot be considered. [Bower v. Daniel, 198 Mo. 289, 317, 95 S. W. 347; St. Charles ex rel. v. Deemar, 174 Mo. 122, 73 S. W. 469.] When the bill is filed in open court it may be that, as the court speaks only by its record, a proper record entry is the only method of evidencing such filing. We are not called on to decide this point. It is also true that a copy of some entry, memorandum or file mark, entered by the clerk on the bill itself or in some book kept for that purpose, is the usual and the most proper and convenient way of showing such filing in vacation and "is the highest legal evidence of such fact." As it is incumbent upon the appellant to show the filing of the bill of exceptions, in the absence of any such showing in the record before the court, without something further being done, there would be no proof whatever that the bill had been filed. The cases cited and relied on by relator are just such cases—where appellants relied on a record which fails to show any record entry or file mark of the clerk on the bill and no extraneous proof of the filing of the bill was offered. In none of them was proof offered showing that the bill of exceptions was in fact presented to the clerk for filing and received and deposited by him in his office and there kept on file. Such are, Lafollette v. Thompson, 83 Mo. 199; Wilson v. Railroad, 167 Mo. 323, 66 S. W. 928; State v. Borders, 228 Mo. 478, 480, 128 S. W. 737; Walner v. Wade, 124 Mo. App. 496, 101 S. W. 686; Fast v. Gray, 105 Mo. App. 694, 78 S. W. 1048.

Looking at the facts recited in the opinion in the Callier case, 158 Mo. App. 249, 138 S. W. 660, it seems that when it was shown that there was no record entry or file mark on the bill of exceptions showing its filing in the trial court, the defendant, assuming that some such record was necessary, set about procuring

177 Mo. App. 30

a record entry *nunc pro tunc* showing such filing. The evidence on which the trial court made a record *nunc pro tunc* showing the filing was also brought up to the Court of Appeals on an appeal from such order and the whole matter was considered together. The appellate court properly decided that as a *nunc pro tunc* order must rest on something of record or in the minute book or in the judge's docket and could not be supported by oral evidence, there was no basis to support any such order. But that was proceeding on a wrong theory of the case. Whether the court was induced to consider it on that theory by reason of the action of relator, defendant there, we need not inquire. The proper procedure was, not to try to supply a record of the filing, but to establish the fact of filing. In Bensley v. Haeberle, 20 Mo. App. 648, 651, when it became necessary to show that an affidavit for appeal had been filed in the probate court and there was no record showing it nor file mark thereon, oral evidence was introduced and the court said: "It is not contended by the defendant, that the records of any court can be thus eked out by oral testimony on appeal, and we assume the testimony was offered for no such purpose, as the appeal was taken in vacation, when no record entry proper could be made. . . . When this affidavit was filed it became the duty of the clerk to certify the papers to the circuit court. The filing of a paper is its actual delivery to the clerk for that purpose, without regard to any action that he may take thereon, and the true date of the act may be shown, without any file mark, and even in opposition thereto. [Grubbs v. Cones, 57 Mo. 84.]" We think this whole matter is set at rest in Dorrance v. Dorrance, 242 Mo. 625, 148 S. W. 94. The jurisdiction of the Supreme Court there depended on the fact and time of filing an amended petition. When the record reached the Supreme Court its filing was challenged and there was no record entry or file mark showing such filing. The

plaintiff sought to have an order made *nunc pro tunc* in the trial court to supply such record. The evidence on which the trial court acted in making the *nunc pro tunc* order being brought to the Supreme Court on appeal and, the whole matter being considered together, the Supreme Court held that the evidence was not sufficient to warrant an order *nunc pro tunc,* but was sufficient to show the fact of the petition being lodged with the clerk in his office in vacation, which amounts to a filing. On the contention that, ''They do say, however, that although these facts may exist, they do not constitute such evidence as authorizes the entry *nunc pro tunc,* which could only be made upon the evidence of minutes and other writings constituting records of themselves,'' the court said: ''We find it unnecessary to enter into a critical examination of this doctrine, because it has reference only to the judicial acts of the courts and not to the ministerial acts of its officers. . . . The only question is upon the evidence necessary to show that it was filed. It is plain that if it had been filed before the demurrer, it had superseded the original petition, and become the only pleading to which that demurrer could apply. The statement of the clerk on the back of a paper to the fact and date of its filing is not a statement of any act of the court, but a statement by him of his own act as a ministerial officer. This court in Baker v. Henry, 63 Mo. 519, in considering the same question said: 'The mere indorsement by the clerk on the paper is not the sole constituent element of filing that paper; for in legal contemplation the presentation and delivery of the paper to the court or officer is the filing, which dates from its receipt by the clerk and lodgment in his office, although the clerk's indorsement is the highest legal evidence of the filing.' '' The court also cites Grubbs v. Cones, and Bennett v. Hall, both supra, in support of its ruling.

That a clerk acts ministerially and not judicially in filing papers in vacation must be conceded here as

a suit for damages could not be based on a judicial act. [Stone v. Graves, 8 Mo. 148, 151; 23 Cyc. 567.]

We are reluctant to hold that, under the facts presented, the bill of exceptions in the Callier case was in fact and in law filed by the clerk, in view of the manifest injustice of now so holding in this suit for damages, after relator has been deprived of its right to be heard on appeal because of the holding of our sister court that it was not filed. But we are bound by the decisions of the Supreme Court, to which we have referred. These defendants, the clerk and the sureties on his bond, were not parties to the other suit nor are they in any wise in privity with any party to that suit. As to them the question is not *res judicata*.

The clerk's representations to relator amounted to no more than that the bill of exceptions had been duly and legally filed; such was the truth and the failure to make the "vacation record entry," requested by relator, would at most have only furnished evidence more easily produced in the appellate court.

As this disposes of the case, it is not necessary to go into the other questions presented, such as the proper measure of damages in an action of this kind, or as to whether or not there is reversible error shown by the bill of exceptions, etc., ably argued and briefed by the respective attorneys.

The case is reversed but as this decision is in conflict with that of the St. Louis Court of Appeals is Callier v. Railway Company, supra, the same will be certified to the Supreme Court for final determination.

*Robertson, P. J.,* concurs. *Farrington, J.,* concurs.