# THE STATE ex rel. CHESTER, PERRYVILLE & STE. GENEVIEVE RAILWAY COMPANY v. BERT TURNER et al., Appellants.

### In Banc, February 13, 1917.

1. **APPELLATE PRACTICE:** Certification from Court of Appeals. A case certified to the Supreme Court by a Court of Appeals on the ground that its decision therein is in conflict with a decision of another Court of Appeals in another case, stands for final decision and judgment, just as if it had been appealed directly to the Supreme Court from the circuit court.

2. **CIRCUIT CLERK:** Negligence in Filing Bill of Exceptions: Damages. To justify a recovery of damages against a circuit clerk and his bondsmen for his failure to properly file a bill of exceptions delivered to him by the losing party who has appealed from a judgment rendered against him in the circuit court, such losing party must show actionable negligence on the part of the clerk and consequent damages.

3. ————: Filing Bill of Exceptions. When the circuit clerk accepted and deposited with other papers in the cause in his office the bill of exceptions delivered to him by appellant to be filed, the act of filing was complete, although he failed to subscribe on the bill itself any written notation of the act of filing done by him. Such notation would have been full evidence of the fact recited by it, but the fact of filing existed independently of that particular method of proving it.

4. ————: ————: Damages for Failure to Obtain Reversal. Notwithstanding the fact that the Court of Appeals, to which defendant appealed from a judgment rendered against it in the circuit court, held that no bill of exceptions had been filed and affirmed the judgment upon a consideration of the record proper only, and defendant afterwards paid that judgment, defendant cannot recover in a suit for damages against the circuit clerk and his bondsmen for negligently failing to file such bill of exceptions, if the bill was delivered to the clerk within the time fixed by the order of the court and he accepted it and placed it among the papers in the cause in his office, for the act of filing was complete, although the clerk did not mark it filed and made no entry on the court record showing it had been filed. [Approving State ex rel. Railroad v. Turner, 177 Mo. App. l. c. 464, and disapproving Callier v. Railroad, 158 Mo. App. 249.]

270 Mo.—4

*Held,* by GRAVES, C. J., dissenting, with whom WALKER and WOODSON, JJ., concur, that the general rule that the deposit of a bill of exceptions with the circuit clerk and an acceptance thereof by him is a filing of such bill, is a rule which he cannot invoke, but is for the protection of the party depositing the bill, established in order that such party may not be injured by the negligence of the clerk; that it was negligence of the clerk not to mark the bill filed, and as he did not do that, or make any entry on the court records showing its filing, the record could not be corrected by a *nunc pro tunc* entry, and the Court of Appeals was authorized in holding the record showed no filing of the bill; and the clerk should be held liable for damages to the extent of the judgment which defendant has been compelled to pay because of his neglect of an imposed duty.

Appeal from Mississippi Circuit Court—*Hon. Frank Kelly,* Judge.

REVERSED.

*J. L. Fort* and *T. R. R. Ely* for appellants.

(1)   The sureties guaranteed that the clerk would perform the duties of his office "according to law," but they did not guarantee that he would perform them "according to the rules and customs of courts of last resort." A law is an act, enactment, ordinance, or statute, prescribed by the legislative power, as opposed to rules of civil conduct deduced from the customs of the people, or judicial precedents. 25 Cyc. 164; Brinckerhoff v. Bostwick, 99 N. Y. 185; Lycoming v. Wright, 60 Vt. 515; State v. Tingey, 24 Utah, 225; Phelps v. Panama, 1 Wash. 518; Swift v. Tyson, 16 Pt. 1. The decisions of courts are not the law; they are only evidence of the law. Yates v. Lansing, 9 Johns. 395; 25 Cyc. 164; Falconer v. Simmons, 51 W. Va. 172; Baltimore v. Baugh, 149 U. S. 368; United States v. Harris, 113 Fed. 27; Phipps v. Harding, 70 Fed. 468; Hall v. Davis, 100 Ind. 422. Where an officer's duties are prescribed by statute, usage will not excuse their discharge in a different manner. So proof of a custom is not permissible to enlarge the powers of officers whose authority is defined by statute. 12 Cyc. 1056; Crocker v. Schureman,

7 Mo. App. 358; Walters v. Senf, 115 Mo. 524; Knox County v. Goggin, 105 Mo. 182. The rules of practice in the courts of last resort in this State may require the entry of the filing of the bill of exceptions in the "vacation record" of the court, but such rules do not constitute any part of the law of the State. State ex rel. v. Broaddus, 207 Mo. 127. (2) It has been said that the word "filing" is generally used to describe the endorsement on a paper of the day when it is left at a public office; but the filing is the actual delivery of the paper to the clerk without regard to any action that he may take thereon, and does not consist of the marking put on it by the clerk, but in placing it as a permanent record in the office, or case, where it belongs. Indeed the endorsement of the fact of filing is only evidence that such filing has been made. Lent v. Co., 130 N. Y. 504; Jones v. Wells, 3 Tex. App. 94; Grubbs v. Cones, 57 Mo. 83; State v. Hockaday, 98 Mo. 590; Vettison v. Budd, 21 Ark. 578; Jacksonville v. Walton, 42 Fla. 54; Oats v. State, 153 Ind. 436; Graham v. Summers, 25 Minn. 81; State v. Heth, 60 Kan. 560; In re Dewar, 10 Mont. 426; Bishop v. Cook, 13 Barb. 326; King v. Penn, 43 Ohio St. 57; Starkwether v. Bell, 12 S. D. 146; Franklin v. State, 24 Fla. 55; Newman v. Clayburn, 40 S. C. 549.

*Giboney Houck, James F. Green* and *Davis & Hardesty* for respondent.

(1) The entry of a circuit clerk showing the filing of a bill of exceptions in vacation has the dignity of a record and furnishes the only means of proof that the bill was filed. (a) The origin and early history of bills of exceptions clearly show that in the very nature of things a bill of exceptions could only be filed by permission of the court, and as the act of the court, evidenced by a record entry. Statute of Westminster II (13 Edw. 1. c. 31); 3 Cyc. 23; Mo. Ter. Laws 1818, p. 259, sec. 46; 2 R. S. 1825, p. 631, sec. 39; Pomeroy v. Selles, 8 Mo. 727; 2 R. S. 1855, p. 1264, secs. 27 and 28; McCarty v. Cunningham, 75 Mo. 279; Spencer v. Railroad, 79 Mo.

500; State v. Duckworth, 68 Mo. 156; Brewer v. Dinwiddie, 25 Mo. 351; State ex rel. v. County Court, 51 Mo. 529; Fulkerson v. Houts, 55 Mo. 301; Johnson v. Hodges, 65 Mo. 589; La Follette v. Thompson, 83 Mo. 199. (b) Neither the Amendatory Act of 1885 nor that of 1889 modified the law on the point that the court, itself, was the sole source of authority for filing a bill in vacation, nor did these amendatory acts modify the practice of requiring a record entry in vacation, as well as in term time, for the purpose of filing a bill of exceptions. Law 1885, p. 214; R. S. 1879, secs. 3638 and 3639; Laws 1889, pp. 189-190; R. S. 1889, secs. 2168, 2170 and 2172; Craig v. Railroad, 248 Mo. 270; State v. Ryan, 120 Mo. 88; State v. Scott, 113 Mo. 559; State v. Britt, 117 Mo. 584; Ricketts v. Hart, 150 Mo. 64; Bradbury v. Kerns, 115 Mo. App. 99; State ex rel. v. Holland, 116 Mo. App. 345; Reynolds v. Schade, 131 Mo. App. 1; Williams v. Williams, 26 Mo. App. 408; La Follette v. Thompson, 83 Mo. 199; Ferguson v. Thatcher, 79 Mo. 511; Fulkerson v. Houts, 55 Mo. 302; Pope v. Thompson, 66 Mo. 661; Hayden v. Alkire Gro. Co., 88 Mo. App. 241; R. S. 1909, secs. 2029, 2031 and 2033; Johnson v. Hodges, 65 Mo. 589. (c) The doctrine of *stare decisis* precludes this court from changing its construction of the law covering the filing of bills of exceptions. Graham v. Conway, 91 Mo. App. 391; Fulkerson v. Houts, 55 Mo. 301; Johnson v. Hodges, 65 Mo. 589; State v. Ryan, 120 Mo. 88; Handlin v. Morgan County, 57 Mo. 116; Pennowfsky v. Coerver, 250 Mo. 37; Lawson v. Mills, 150 Mo. 429; Storage Co. v. Glasner, 150 Mo. 428; Butler County v. Graddy, 152 Mo. 443; Bick v. Williams, 181 Mo. 527; Ricketts v. Hart, 150 Mo. 68; Goodson & Wright v. Bevan, 89 Mo. App. 162; Wilson v. Railroad, 167 Mo. 323; La Follette v. Thompson, 83 Mo. 199; Allen v. Funk, 85 Mo. App. 460; Ferguson v. Thatcher, 79 Mo. 511; Jaco v. Railroad, 94 Mo. App. 567; Dinwiddie v. Jacobs, 82 Mo. 195; Hamilton-Brown Shoe Co. v. Williams, 91 Mo. App. 511; St. Charles ex rel. v. Deemar, 174 Mo. 122; Railroad v. Wyatt, 223 Mo. 347; Alt v. Dines, 227 Mo. 418; Hill

v. Butler Co., 195 Mo. 511; Hodson v. McAnerney, 168 Mo. App. 385; Laws 1911, p. 139. (d) The Springfield Court of Appeals cites no cases which require this court to declare the law otherwise than as above indicated and contended for by respondent. Baker v. Henry, 63 Mo. 517; Fulkerson v. Houts, 55 Mo. 301; Johnson v. Hodges, 65 Mo. 589; State v. Ryan, 120 Mo. 88; Pullis v. Summerville, 218 Mo. 624; R. S. 1909, sec. 2001; Bensley v. Haberly, 20 Mo. App. 648; R. S. 1879, secs. 293, 294, 296, 298, 299; State v. Pieski, 248 Mo. 715; Dorrance v. Dorrance, 242 Mo. 625; Ferguson v. Thatcher, 79 Mo. 511; Carter v. Prior, 78 Mo. 222; Bower v. Daniel, 198 Mo. 289; St. Charles ex rel. v. Deemar, 174 Mo. 122; Pennowsfky v. Coerver, 205 Mo. 137. (2) The decision of the St. Louis Court of Appeals in the Callier case in question (158 Mo. App. 249) governs the case at bar. (a) In the first place, because it declares the law as it now is. In support of this proposition we cite all the authorities and all the arguments under point one. (b) In the second place, because the decision of the St. Louis Court of Appeals followed the then last controlling decision of the Supreme Court, and became the law of the case at bar for all purposes. Constitution, art. 6, Amendment of 1884; Shelby Co. Ry. v. Crow, 137 Mo. 461; Dorrance v. Dorrance, 242 Mo. 625; State v. Pieski, 248 Mo. 715; State v. Ellison, 181 S. W. 78, State ex rel. v. Ellison, 181 S. W. 998; State v. Ellison, 187 S. W. 23. (c) In the third place, because the clerk's failure to make the entry and then falsely certifying that he had made the entry, was the proximate cause of this very decision of the St. Louis Court of Appeals. R. S. 1909, secs. 2029, 2685; State ex rel. v. O'Gorman, 75 Mo. 379; Howard v. United States, 102 Fed. 77; Callier v. Railroad, 158 Mo. App. 249. And he can't invoke any rule that a mere depositing constitutes a filing as to him. State ex rel. v. Dickman, 124 Mo. App. 659; Collins v. Daniel, 66 Ga. 203; Norman v. Vanderburg, 157 Mo. App. 488; Weedon v. Railroad, 78 Fed. 591. Nor can his bondsmen invoke any defense not available to him. Boone Co. v. Jones, 54 Iowa, 709; 29 Cyc. 1465.

BOND, J.—I.   The suit of Rean Callier against the Chester, Perryville & Ste Genevieve Railway Company for personal injuries was tried in the circuit court of Dunklin County, of which Bert Turner was clerk, and judgment rendered against the defendant railway company, which was affirmed by the St. Louis Court of Appeals upon a consideration only of the record proper, and thereupon paid by the said railroad, which now seeks redress on the clerk's official bond because of his failure properly to file the bill of exceptions, which negligence and failure of duty, it is alleged, deprived it of its right to have its appeal heard upon its bill of exceptions in the appellate court.   The relator further claims that, had said bill of exceptions been properly filed, the said appellate court would have reversed the judgment against it; that the appellate court affirmed the judgment on the record proper, thereby compelling relator to pay the amount of the judgment and costs and suffer the further loss of expenses and attorneys' fees incurred in perfecting the appeal.

In the instant case the relator, in order to support its theory, presented to the trial court and presents to this court, the entire record of the Callier case, including the bill of exceptions presented to and rejected by the St. Louis Court of Appeals.

Relator also put in evidence the opinion of the St. Louis Court of Appeals in the Callier case, to show that the appellate court held that there was no record entry, minute, notation or memorandum in the records of the circuit court that the bill of exceptions had ever been filed and therefore refused to consider the bill of exceptions as a part of the files of the case, and affirmed the judgment on the record proper.

The contention of the relator in this regard is, that if through the fault of the clerk the bill of exceptions was not properly filed and no such record of the filing thereof made as would present the Callier bill of exceptions to the St. Louis Court of Appeals for consideration, and if reversible error was shown by such bill, then the trial court should, and now this court must, hold that the

St. Louis Court of Appeals, except for the gross negligence of the clerk would have reversed the judgment (which was affirmed on the record proper) and thereby relator would not have been compelled to pay said judgment.

On the other hand, the defendants contend that there was no reversible error shown by the bill of exceptions and that its consideration by the appellate court would not have changed their ruling; but even conceding that it would have made a difference in their decision, at most the case would only have been reversed and remanded, and in the event of another trial Callier would, in all probability, have recovered as large, if not a larger, judgment, and therefore relator was not damaged.

The trial court, however, took relator's view of the case, rendered judgment for the penalty of the bond and awarded execution for $6251.87. The defendants appealed.

At the time the appeal was taken Mississippi County was a part of the district of the Springfield Court of Appeals and hence the cause was sent to that court, which reversed the judgment, holding that the bill of exceptions in the Callier case had been legally filed. In conclusion the Springfield Court of Appeals, on account of its decision being in conflict with that of the St. Louis Court of Appeals, certified the cause to this court for final determination.

II.   This case has reached us in the way provided in the Constitution to cause harmony in the rulings of the two courts of appeal and stands for final decision and judgment here as if it had been appealed direct to this court from the circuit court of Mississippi County.

To justify a recovery in this action it was essential that plaintiff should show actionable negligence of the clerk and consequent damage to it. The burden of proving these two indispensable elements to any judgment against the defendants was cast upon plaintiff by law and was properly assumed in its pleadings. The question, therefore, which dominates the case is: was there any actionable negligence attributable to the clerk on account

of his acts and doings in and about the bill of exceptions which was delivered to him for filing by plaintiff?

The facts are undisputed and, in effect, are that after procuring an order of court entered of record permitting it to file a bill of exceptions within a stated time, in vacation, plaintiff prepared such bill of exceptions and transmitted it to the office of the clerk where it was received and deposited and a note of acknowledgment sent to plaintiff's attorney in the form of a signed written statement (which had .been inclosed for signature when the bill of exceptions was sent) to the effect that the bill of exceptions was filed within the currency of time extended by the order of record of the judge of the court before its adjournment. The clerk did not, in fact, indorse any writing indicating its filing on the bill of exceptions; he simply kept the bill of exceptions with the papers in the case in his office.

*Filing of Bill of Exceptions.*

For the reasons given in the opinion of the Springfield Court of Appeals, we think when the clerk accepted and deposited with the other papers in the cause in his office, the bill of exceptions delivered to him to be filed, the act of filing was complete, although he failed to subscribe on the bill itself any written notation of the act of filing done by him. Such writing would have been full evidence of the fact recited by it, but the fact existed independently of that particular method of proving it. It would have been a perfect performance of his duty if the clerk had made a notation of its filing in writing on the bill; but having actually filed it, under the conceded acts, the omission to make a record of his act did not destroy the act itself, but merely affected the method of its proof. [State ex rel. Railroad v. Turner, 177 Mo. App. l. c. 464 et seq., and cases cited.]

III. The point is made that there is something in the nature of a bill of exceptions which takes it out of the rule governing the filing of other papers or proceedings in a cause, as to all of which it is not denied that the filing might be manifested by the proper physical act, irrespective of any written evidence or indorsements.

*Damages for Failure to File Bill.*

It is difficult to perceive any intrinsic quality in a bill of exceptions distinguishing it from a pleading, a verdict or process, all of which are parts of the record proper. Yet it is undeniable that these may be filed by the manual act of the clerk without the marking of a written indorsement on any of them.

It follows that the bill of exceptions was filed in the legal sense of that term when it was delivered to the defendant clerk, or his deputy, at his office for filing in accordance with the terms of the court's order providing for its filing in vacation and was received and deposited with the papers in that case, although the bill itself contained no written notation of the act and date of its filing. It necessarily results that no actionable negligence on the part of the defendant clerk was shown and that this suit on his official bond must fail.

The similar views of the Springfield Court of Appeals expressed in its decision of this case (177 Mo. App., supra) are approved, and the conflicting views of the St. Louis Court of Appeals in the case of Callier v. Railroad, 158 Mo. App. 249, are disapproved and the judgment of the circuit court of Mississippi County is reversed.

*Blair, J.*, concurs; *Graves, J.*, dissents in separate opinion, in which *Woodson, J.*, joins. Cause transferred to Court in Banc.

PER CURIAM:—The foregoing opinion of BOND, J., is adopted In Banc as the opinion of the court; *Faris, J.*, concurs in the result; *Blair* and *Williams, JJ.*, concur; *Graves, C. J.*, dissents in a separate opinion; *Walker* and *Woodson, JJ.*, dissent, and concur with *Graves, C. J.*

GRAVES, C. J. (dissenting)—I do not concur in the views of my learned brother BOND, in this case. I concede the general rule that the deposit of an instrument with an officer whose duty it is to file such instrument, is usually a filing of such instrument to all intents of the law. But the neglect to file such an instrument in due form by uch officer is a neglect of duty. The rule which says that the deposit thereof with such officer shall be deemed a

filing is one of necessity, and is one which can only be invoked by the party depositing it for filing. By this I mean the party depositing the instrument for filing, can say that it is no fault of his that it has not been filed, and he cannot be denied the benefits accruing from an actual filing. This is the rule for the reason that the negligence of the officer shall not be held to prejudice the rights of one who in good faith has done all that is required of him for a timely filing. But this rule is totally foreign to the case at bar. Here we have the clerk himself invoking the rule, and asking that the bill of exceptions be considered as filed, although he has negligently failed to file it.

The doctrine announced by my brother is a dangerous one. The clerk could refuse to properly file every bill of exceptions, but place them with the files, and thus defeat all applicants, or at least force them to a hearing in the appellate court upon the record proper. Under the law and rules of court the record proper, upon appeal, must show the filing of a bill of exceptions, or that document is not before the appellate court for review. In the case at bar it appears that in the case of Callier v. Railroad, 158 Mo. App. 249, the clerk neither made a record entry showing the filing of a bill of exceptions, nor did he make in his office or on the bill of exceptions any written memorandum from which the circuit court could rightfully make a *nunc pro tunc* entry of such filing. It is this neglect of the clerk which is the basis of this suit against him and his bondsmen. That he was grossly guilty of negligence in his office clearly appears. That such negligence precluded the railroad from a hearing clearly appears. Under such circumstances the clerk can't invoke the rule that the deposit of the bill of exceptions was a filing. He can never invoke that rule to cover his own neglect or negligence. Such rule of necessity has no application to him. Such rule can only be invoked by one who would be injured by the neglect of the office. It cannot be invoked to excuse the negligence of the officer in a suit based on such negligence.

My brother and the Springfield Court of Appeals have misapplied the rule. Stated otherwise they have invoked a rule which has no application. On the record be-

fore .it the St. Louis Court of Appeals in Callier v. Railroad, 158 Mo. App. 249, was right in holding that there was no bill of exceptions before them, and further right in holding that there was no written memoranda from which a *nunc pro tunc* entry could be made by the circuit court. I therefore dissent. *Walker* and *Woodson, JJ.,* concur in these views.