STATE v. H. H. BRUBAKER, Appellant.—No. 38411.—177 S. W. (2d) 623.

Division Two, February 7, 1944.

*A. H. Garner* for appellant.

*Roy McKittrick*, Attorney General, and *Aubrey R. Hammett, Jr.*, Assistant Attorney General, for respondent.

■ WESTHUES, C.—Appellant, Hurbert B. Brubaker, was convicted in the circuit court of Newton county, Missouri, on a charge of robbery in the first degree and sentenced to imprisonment in the penitentiary for a term of ten years. He appealed.

■ In the motion for new trial only the question of the sufficiency of the evidence to sustain a conviction was preserved for review. We find in the record an abundance of evidence to sustain the verdict. We will recite only the ultimate facts proven. Charles Newhouse, an alleged participant in the crime, testified for the state. His evidence revealed that Brubaker was the instigator of the robbery; that he, Newhouse, Brubaker, one Tommy Bowman and Noah (Red) Garris participated; that Brubaker furnished the car and also guns used in the robbery. The evidence revealed that Brubaker serviced automatic music machines and that one of these was located in the cafe referred to in the evidence as the ''Barn Cafe'', which was robbed on the night

of July 19, 1942. Brubaker admitted that he was in the cafe at the time. He testified he was there for the purpose of checking the machine and taking the cash therefrom and that he had nothing to do with the robbery. Newhouse testified that Brubaker's presence in the cafe was according to plans previously agreed upon; that Brubaker was to give a signal to Garris and Garris was to go to an alley and notify Bowman that the time was ripe for the commission of the robbery. The manager and an employee of the cafe testified that Brubaker left the cafe about the time they were closing but returned within a few minutes, rapped at the door which had been locked and was admitted; that almost immediately thereafter Bowman entered and at the point of a revolver forced the proprietor of the cafe to deliver to him the cash on hand which amounted to over $600.00. The money appellant had removed from the music machine was not taken. After Bowman left, the proprietor immediately called the police. A highway patrolman and police officers arrived and appellant, Brubaker, informed them that the man who robbed the place had a soldier's cap in his pocket; that he saw him leave in a car bearing an Arkansas license and that there were three men in the car dressed in soldier's uniforms. He also told the police officers that the man who entered the cafe had a gold tooth. Newhouse testified that Brubaker later informed his accomplices that he had misled the police by telling them men dressed in uniform had robbed the cafe. No one except the defendant saw anyone dressed in uniform, nor did the other witnesses notice the gold tooth of the robber. ■
The proprietor of the cafe testified that Brubaker, a few days before the robbery, inquired of her whether she had any burglary insurance. Newhouse also testified that other robberies had been planned and among them was a Kroger store; that this robbery was frustrated and a number of their gang arrested on suspicion. Burdick, who was arrested at that time, had a revolver the defendant had borrowed from one Harlan Davis. Brubaker admitted this but stated that he had not given the gun to Burdick. He testified that his place had been ransacked and the revolver taken. It is evident that the evidence was ample to support the verdict of the jury.

■ The information is in a form often approved by this court. It charged robbery in the first degree as defined by section 4450, Mo. Rev. St. (1939), Mo. R. S. A.; State v. Shuls, 329 Mo. 245, 44 S. W. (2d) 94, l. c. 96 (4-6) (7). The information in this case charged that the robbery was committed by putting the proprietor of the cafe, one Nellie Perraine, in fear of immediate injury to her person. The record proper discloses that all required proceedings were duly taken.

■ The above is all that need be said to dispose of this appeal. However, a controversy arose over whether the motion for new trial was filed within four days after verdict. The record discloses that the verdict was returned on October 15, 1942. That entry is followed by

an entry that the court adjourned until Wednesday morning October 21, 1942, at 9:00 o'clock. Then follows an entry as of October 21, that the motion for new trial was filed and overruled. Appellant's attorney filed an affidavit which reads as follows:

"Before me, the undersigned, personally appeared A. H. Garner, attorney for the defendant in the above entitled cause, who upon his oath states that within four days of October 15, 1942, he lodged in the circuit clerk's office of Newton County, Missouri, a motion for new trial, which the clerk advised him could not be filed under their rules, except when court was in session and that the clerk would keep said motion and have the court note it on his docket when he met pursuant to adjournment, and that he had no authority to file it as that was left up to the court."

The only answer to that affidavit is the following statement by the circuit clerk:

"Motions lodged in my office when Court is adjourned are not noted on the Judge's Docket until the Court meets pursuant to adjournment."

That statement lends some support to appellant's contention. We are not holding, however, that appellant has made a sufficient showing in this case for us to disregard the record as certified to this court. However, if the charge of appellant as to the practice and rule of the court above referred to is true, then certainly there exists a gross misunderstanding as to the circuit clerk's duties with reference to the filing of papers by litigants in pending suits. Section 4125, Mo. Rev. St. (1939), Mo. R. S. A., requires motions for new trial to be filed within four days unless further time is granted. If a defendant deposits such a motion with the clerk of the circuit court within the four days he has complied with the law. The depositing of the motion with the clerk constitutes a filing. The record entry or the stamp of the clerk on the motion only constitutes evidence of the filing. See Grubbs v. Cones, 57 Mo. 83; State ex rel. Chester, P. & Ste. G. Ry. Co. v. Turner, 270 Mo. 49, 191 S. W. 897. The clerk must make some record of the filing of a paper when it is presented to him. He has no discretion in this matter. See Swainson v. Bishop, 52 Mo. 227. Note also the reading of section 944, Mo. Rev. St. (1939), Mo. R. S A.:

"Every petition or other pleading and motion shall be signed by the party or his attorney, and the clerk shall indorse thereon the day upon which it shall be filed, and if filed in term, shall make an entry thereof upon the minutes."

That law cannot be set aside or modified by order of any court. Section 2004, Mo. Rev. St. (1939), Mo. R. S. A., does not give courts any such authority. If it were otherwise a defendant could be deprived of his statutory right to file a motion for new trial within four days after verdict. We do not mean to be understood as holding that the circuit court of Newton county has made any such rule as

stated in the affidavit of appellant's attorney, but the charge has not been denied. If such rule exists it should be immediately discontinued and the circuit clerk should perform his statutory duties. We desire to call to the attention of the clerk the case of State ex rel. Chester, P. & Ste. G. Ry. Co. v. Turner, 270 Mo. 49, 191 S. W. 987. We may also note that the circuit clerk must perform the duties imposed upon him and that he and not the judge is the clerk of the court and the custodian of the court files.

Having considered the case on its merits and finding no error the judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.